Craig **BRUNELLE**, Plaintiff

v.

**CYRO INDUSTRIES**, William Bourque, Floyd Phillips, Drew Scott and Mike Blokland, Defendants

No. CIV.01–292–P–H.

United States District Court, D. Maine.

Dec. 16, 2002.

Jeffrey Neil Young, McTeague, Higbee, Macadam, Case, Watson & Cohen, for Plaintiff.

Melissa A. Hewey, Drummond, Woodsum & Macmahon, Portland, ME, for Defendants.

**ORDER TO SHOW CAUSE**

HORNBY, Chief Judge.

The plaintiff Craig Brunelle claims that Cyro Industries, his employer, and the individual defendants unlawfully denied

him leave and wrongfully terminated him in violation of the Family Medical Leave Act ("FMLA"), 29 U.S.C. § 2601, *et seq.*, and the Maine Family Medical Leave Requirements law ("MFMLR"), 26 M.R.S.A. § 843, *et seq.* On September 30, 2002, I affirmed the Recommended Decision of the Magistrate Judge granting the defendant Borque's summary judgment motion in total and the remaining defendants' summary judgment motion as to Count II (termination in violation of the FMLA) and that portion of Count III (violation of the MFMLR) alleging retaliatory job discrimination. The defendants now move to exclude all evidence that the plaintiff may present at trial regarding any wages or benefits that he lost subsequent to his termination from Cyro Industries on March 29, 2001.

■ An employee is entitled to recover damages from an employer who violates the employee's right to take leave. 29 U.S.C. §§ 2615(a), 2617(a)(1)(A)(i); 26 M.R.S.A. § 848.[1] If an employee is terminated for a legitimate, non-discriminatory reason, however, he is only entitled to recover damages for an employer's FMLA violation suffered prior to his discharge "because the valid termination . . . severs the employment relationship and the joint obligations which compose such a relationship." *Hite v. Biomet, Inc.*, 53 F.Supp.2d 1013, 1025 (N.D.Ind.1999). Here, the Court granted summary judgment in favor of the defendants on the plaintiff's claim of retaliatory discharge, finding that the plaintiff had failed to overcome the legitimate, non-discriminatory reason for termi-

nation given by the defendants. As a result, the plaintiff is not entitled to lost wages or benefits after the date of his discharge from Cyro Industries.

■ In objecting to the defendants' motion to exclude evidence of damages, the plaintiff notes that this case should be dismissed if he cannot show that he could recover damages. *Dawson v. Leewood Nursing Home, Inc.*, 14 F.Supp.2d 828, 834 (E.D.Va.1998). I find that the record is not clear whether the plaintiff incurred or seeks damages for any alleged violations prior to his discharge.[2] Accordingly, I order the parties to show cause by January 3, 2003, why I should not dismiss this case.

So Ordered.

---

1. As the defendants point out in their Motion in Limine (Docket No. 34), lost wages and benefits are not at issue with respect to the plaintiff's state law claim because remedies under the MFMLR are limited to equitable relief and liquidated damages in the amount of $100 per day for each day the violation continues.

2. It also appears that an employee is not entitled to recover emotional distress or punitive damages for an FMLA violation. *Hite v. Biomet, Inc.*, 53 F.Supp.2d 1013, 1024 n. 13 (N.D.Ind.1999).